IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERATED SERVICE INSURANCE CO.,

    Plaintiff,

vs.                                                  Civ. No. 06-638 JP/WDS

DANNY MARTINEZ,

    Defendant.

**ORDER**

On August 31, 2007, the Court entered Partial Summary Judgment (Doc. No. 39) in favor of Plaintiff Federated Service Insurance on Plaintiff's declaratory judgment claim and on four of Defendant's five counterclaims. On October 9, 2007, Plaintiff and Defendant jointly requested that the Court stay proceedings on the remaining counterclaim and certify the partial summary judgment as final under Fed. R. Civ. P. 54(b). Having reviewed the relevant law, the Court finds that the partial summary judgment may properly be certified as a final judgment under Rule 54(b).

Rule 54(b) allows the Court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The Tenth Circuit requires district courts to make two express determinations to certify an order under Rule 54(b). *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236 (10th Cir. 2001). First, the court must determine that the order is actually final. Second, the court must find that "there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Id.* at 1242.

A judgment is final if the "claims resolved are distinct and separable from the claims left unresolved." *Id.* at 1243. In analyzing whether the claims are distinct and separable, the court is to consider "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief." *Id.* at 1242 (*quoting* Moore's Federal Practice 3d § 202.06[2]). However, "there is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005).

The facts in this case are undisputed. (Memorandum Order and Opinion (Doc. No. 38), at 4.) Defendant asserts alternate and entirely distinct legal theories under which these facts entitle him to recover from Plaintiff. Defendant's first four counterclaims, on which the Court entered partial summary judgment, all rest on Defendant's assertion that he is entitled to uninsured and underinsured motorist ("UM/UIM") liability coverage under the insurance policy issued by Plaintiff to Defendant's employer.[1] Resolution of these counterclaims required the Court to assess whether the UM/UIM endorsement executed by Defendant's employer validly waived UM/UIM insurance coverage under New Mexico law. The Court determined that the employer had validly rejected UM/UIM coverage. (*See* (Doc. No. 38).

Defendant's remaining counterclaim is that if he is <u>not</u> covered by the insurance policy,

---

[1]These claims included: (1) declaratory judgment that Defendant was covered by the insurance policy, (2) damages for personal injury, (3) breach of contract, and (4) bad faith and violation of New Mexico Insurance Code and Unfair Practices Act. (Answer and Counter-Cl. (Doc. No. 3) ¶¶ 24–62).

then Plaintiff was negligent in not providing this coverage.[2] (Doc. No. 38 at 1–2.) In contrast to the counterclaims on which the Plaintiff has already prevailed, the negligence claim would require the court to evaluate a much broader set of facts relevant to whether Plaintiff should have interpreted the employer's actions as requesting UM/UIM coverage, or perhaps should have insisted that the employer purchase such coverage. While some facts are relevant to both of Defendant's theories, there is insufficient factual overlap to conclude that the claims are not distinct and separable. Therefore, the Court concludes that the partial summary judgment entered on August 31, 2007 is a final order.

To certify an order under Rule 54(b), the Court must also find that there is "no just reason for delay." This finding requires the district court to "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Here, Defendant was rendered a quadriplegic when he was struck by the uninsured motorist and has incurred over $430,000 in medical expenses. (Def.'s Memorandum in Support of Motion for Summary Judgment (Doc. No. 26) ¶ 4.) Defendant seeks a determination that he is entitled to $500,000 in UM/UIM insurance coverage under his employer's policy. Defendant has a strong interest in prompt determination of his entitlement to such coverage, and therefore in immediate appeal of this Court's judgment that his employer validly rejected UM/UIM coverage. A jury trial on the remaining negligence counterclaim would significantly delay Defendant's opportunity to obtain

---

[2]Specifically, the fifth counter-claim alleges that Plaintiff "negligently failed to provide the insurance coverage which was requested and reasonably expected by its insureds," in that Plaintiff "failed to use ordinary care and failed to exercise the judgment and degree of skill which a reasonably prudent person skilled in insurance work would exercise. (Answer and Counter-Cl. (Doc. No. 3) ¶¶ 65–66.)

a judgment in his favor.[3] Because the factual and legal overlap between Defendant's resolved and pending counterclaims is minimal, the Court concludes that the probability that the appellate court will face redundant appeals is slight. Therefore, because the parties have a strong interest in an immediate appeal, there is no just reason for delay of the appeal of the Court's August 31, 2007 partial summary judgment order.

    IT IS THEREFORE **ORDERED** that:

1. The Partial Summary Judgment (Doc. No. 39) will be certified as a final judgment under Federal Rule of Civil Procedure 54(b).

2. Proceedings on Defendant's fifth counterclaim are stayed pending resolution of the appeal of the judgment this order certifies as final.

                                      */s/ James A. Parker*
                             SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Though the Plaintiff does not appear to have a significant interest in immediate appeal of the Court's partial summary judgment, Plaintiff has concurred in requesting the Court to certify the judgment under Rule 54(b).