UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

FEDERATED SERVICE INSURANCE
COMPANY, a Minnesota Corporation,

    Plaintiff,

vs.                                                                                   06-CV-638 JAP/WDS

DANNY MARTINEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION

On August 6, 2010, Plaintiff filed Plaintiff Federated Service Insurance Company's Motion For Reconsideration Of The Memorandum Opinion And Order And Partial Summary Judgment Entered August 2, 2010 (Doc. No. 60) ("Motion"). On August 17, 2010, Defendant filed Defendant/Counter-Claimant Danny Martinez' Response To Plaintiff Federated Service Insurance Company's Motion For Reconsideration Of The Memorandum Opinion And Order And Partial Summary Judgment Entered August 2, 2010 (Doc. No. 61) ("Response"). On September 3, 2010, Plaintiff filed Plaintiff Federated Service Insurance Company's Reply In Support Of Its Motion For Reconsideration Of The Memorandum Opinion And Order And Partial Summary Judgment Entered August 2, 2010 (Doc. No. 64) ("Reply"). Under the standards of Fed. R. Civ. P. 59(e), the Court will grant the Motion, and will withdraw the Memorandum Opinion and Order (Doc. No. 58) and the Partial Summary Judgment (Doc. No. 59). The Court will also enter an Amended Memorandum Opinion And Order and an Amended Partial Summary Judgment.

I.  Background

On May 11, 2005, Defendant Danny Martinez ("Martinez"), a sales person employed by Capitol Motor Company ("Capitol"), was struck by an uninsured vehicle driver[1] while Martinez was working on Capitol's premises.  Martinez is now a quadriplegic having suffered severe injuries, including a spinal cord injury. On the date of Martinez's accident, Capitol was insured under a Commercial Package Policy (No. 0634062) (the "Policy") issued by Federated Service Insurance Company ("Federated"). Part of the Policy included a "Garage Coverage Part," under which Federated insured Capitol against claims, including UM/UIM claims, arising out of accidents involving vehicles owned by Capitol. Martinez filed a claim under the UM/UIM coverage provisions of the Policy. Federated denied Martinez's claim on the ground that Capitol had rejected UM/UIM coverage for its non-management employees.

Marc Brandt, general manager of Capitol, first obtained commercial insurance coverage from Federated in March 2001.  In the original 2001 policy, Federated provided Capitol with $500,000 of UM/UIM coverage per accident for management employees, and $60,000 per accident for non-management employees.  In November 2001, Mr. Brandt decided to eliminate UM/UIM coverage for non-management level employees; however, on March 29, 2002, Mr. Brandt signed a New Mexico Commercial Auto Coverage Option Form, which indicated that Capitol had $60,000 of UM/UIM coverage per accident for non-management level employees. On May 8, 2002, Federated issued a policy change endorsement ("UM/UIM Endorsement"), which stated that all non-management employees of Capitol were "NOT COVERED" by UM/UIM insurance.  Federated provided Capitol with a return premium credit for the UM/UIM

---

[1] The vehicle driver was not driving a vehicle owned by Capitol.

coverage in response to Mr. Brandt's request to eliminate UM/UIM coverage for non-management employees.[2]

On July 14, 2006, Federated brought this lawsuit against Martinez asking for a declaratory judgment that Federated has no obligation to pay UM/UIM benefits to Martinez under the Policy. Martinez asserted in his Answer that he is entitled to UM/UIM coverage under the Policy. Martinez also asserted several counterclaims including a claim for declaratory judgment granting coverage, a claim for damages for personal injury, a claim for breach of contract, a claim for bad faith violations of the New Mexico Insurance Code and Unfair Practices Act, and a claim for negligence. (Ans. at 5-11.)

In 2007, the parties filed cross motions for summary judgment on the issue of whether the UM/UIM Endorsement qualified as a valid rejection of uninsured motorist coverage under New Mexico law. In New Mexico, all automobile insurance policies must provide uninsured motorist coverage unless such coverage is specifically rejected by the named insured. *See*

---

[2] A Policy Adjustment Request form was of record when this Court ruled on the cross motions for summary judgment, and this Court recognized that as a result, Federated credited Capitol for the $505 premium amount paid for UM/UIM coverage. However, this Court did not base its decision on the Policy Adjustment Request form because after the Policy Adjustment Request, Capitol executed another UM/UIM Endorsement, which indicated that $60,000 in UM/UIM coverage was available to non-management employees. This action contradicted Capitol's claim that it rejected UM/UIM coverage for non-management employees through the Policy Adjustment Request. In the final analysis, the Court found that UM/UIM Endorsement, which states that all non-management employees of Capitol were "NOT COVERED" by UM/UIM insurance, qualified as a valid rejection of uninsured motorist coverage under New Mexico law.

NMSA 1978, § 66-5-301 (1978).[3]

On August 31, 2007, the Court granted partial summary judgment in favor of Federated on all of its claims and on all counterclaims except Martinez's counterclaim asserting negligence. The Court denied Martinez's motion for summary judgment. The Court concluded that the UM/UIM Endorsement was a valid rejection of uninsured motorist coverage under New Mexico law. On request by both parties, the Court stayed proceedings and certified the partial summary judgment as a final judgment under Fed. R. Civ. P. 54(b). On December 17, 2007, Martinez filed a Notice of Appeal of the partial summary judgment with the Tenth Circuit Court of Appeals.

Because the appeal involved an important and unsettled issue of New Mexico law, the Tenth Circuit Court of Appeals certified the following question to the New Mexico Supreme Court: "[f]or a valid rejection of UM/UIM coverage under New Mexico law, must that rejection be written, signed by the insured, and attached to the policy?" *Federated Serv. Ins. Co. v. Martinez*, No. 07-2293, 2008 WL 5062783, at *1 (10th Cir. Dec. 1, 2008). The New Mexico Supreme Court accepted the certified question and consolidated the case with an appeal from the New Mexico Court of Appeals, that involved substantially the same issue. *See Marckstadt v. Lockheed Martin Corp.*, 228 P.3d 462 (N.M. 2009). In response to the certified question, the New Mexico Supreme Court held that UM/UIM coverage must be included in all New Mexico liability policies unless the insurer has "obtained a written rejection of UM/UIM coverage from

---

[3] New Mexico regulations also require that "[t]he rejection of the provisions covering damage caused by an uninsured or unknown motor vehicle as required in writing by the provisions of Section 66-5-301 NMSA 1978 must be endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance." N.M. Admin. Code § 13.12.3.9 (2004).

the insured. . ." *Id.* at 464.

After the New Mexico Supreme Court issued its decision in *Marckstadt*, the Tenth Circuit asked the parties to present additional briefing on the effect of the *Marckstadt* decision on this case. Martinez argued that under *Marckstadt*, an insurer must obtain a written rejection of UM/UIM coverage, and Federated had obtained no written rejection from Capitol of UM/UIM coverage.  Federated argued that the UM/UIM Endorsement and a Policy Adjustment Request form were sufficient to meet the requirement of a written rejection. Federated also attempted to present to the Tenth Circuit other documents not relied upon by this Court, such as yearly client review forms signed by Capitol, to show that Federated had obtained a written rejection of UM/UIM coverage. The Tenth Circuit rejected Federated's request concluding that Federated had its chance to present all of the evidence of rejection to this Court prior to the rulings on the cross motions for summary judgment.

On July 8, 2010, the Tenth Circuit Court of Appeals issued its Order and Judgment reversing this Court's holding that, through the UM/UIM Endorsement, Federated had obtained a sufficient rejection of UM/UIM coverage from Capitol for its non-management employees. (Ord. J. at 8.) The Tenth Circuit remanded the case for "additional proceedings not inconsistent with th[e] order and judgment." *Federated Serv. Inc. Co. v. Martinez*, No. 07-2293, 2010 WL 2690076 (10th Cir.  Jul 08, 2010).

On August 2, 2010, this Court on remand issued a Memorandum Opinion and Order (Doc. No. 58) in which the Court granted Martinez's motion for summary judgment and denied Federated's motion for summary judgment.  On August 2, 2010, the Court also entered a separate Partial Summary Judgment (Doc. No. 59) in favor of Martinez ruling that Martinez "has uninsured motorist coverage for the May 11, 2005 accident under the Commercial Package

Policy No. 0634062 issued by Plaintiff Federated Service Insurance Company insuring Capitol Motor Company." (Part. Summ. J. at 1.) In the Motion, Federated asks the Court to reconsider these rulings.

II. Standard of Review

The rules of civil procedure allow a litigant to object to a decision through either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). If a party files a motion for reconsideration of a decision within the ten days of the decision, the court will treat the motion as a motion to alter or amend a judgment under Rule 59(e). Since Federated filed the Motion within ten days after entry of the August 2, 2010 Memorandum Opinion and Order and the Partial Summary Judgment, the Motion will be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir.2006).

Courts may grant Rule 59(e) motions on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000). A Rule 59(e) motion should be granted if "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

III. Discussion

In the Motion, Federated asks the Court to reconsider its rulings on August 2, 2010 because they provide broader relief to Martinez than was warranted by the Tenth Circuit's Order and Judgment. Federated contends that even though the Tenth Circuit reversed this Court's 2007 summary judgment ruling that Capitol had rejected UM/UIM coverage, there are threshold

6

issues that this Court must decide on remand before the Court can hold that Martinez had UM/UIM coverage for his losses. According to Federated, even though Federated failed to obtain an effective rejection of UM/UIM coverage from Capitol, that does not mean that Martinez "has uninsured motorist coverage for the May 11, 2005 accident" as stated in the Partial Summary Judgment (Doc. No. 59) entered after remand. Federated further maintained that the Court's 2007 decision was limited to whether Capitol effectively rejected UM/UIM coverage and because the Court determined that Capitol effectively rejected UM/UIM coverage, the Court did not need to reach whether the Policy's UM/UIM coverage was available for Martinez's losses.  Consequently, the Tenth Circuit's reversal of the 2007 decision affected only the narrow issue of rejection of UM/UIM coverage.  In other words, the Tenth Circuit could not reverse what this Court did not decide.

    In the Response, Martinez argues that in the Motion Federated is attempting to present new evidence or new legal theories, which is not allowed in a Rule 59(e) motion. According to Martinez, the issue of UM/UIM coverage has been decided, and the Court's August 2, 2010 rulings correctly reflect the reversal of the Court's prior decision to grant Federated's motion for summary judgment. However, the Tenth Circuit's reversal of this Court's grant of Federated's summary judgment motion does not mean that Martinez's summary judgment motion can now be granted.  Martinez conflates the issue of rejection of UM/UIM coverage with the issue of whether UM/UIM coverage is available for Martinez's losses.  Consequently, the Court's Memorandum Opinion and Order and Partial Summary Judgment entered on remand provided broader relief than was warranted on remand. Hence, the Court will withdraw the August 2, 2010 Memorandum Opinion and Order (Doc. No. 58) and the Partial Summary Judgment (Doc. No. 59) and will enter an Amended Memorandum Opinion and Order and an Amended Partial

7

Summary Judgment.

IT IS ORDERED that

(1) the Motion For Reconsideration Of The Memorandum Opinion And Order And Partial Summary Judgment Entered August 2, 2010 (Doc. No. 60) is granted;

(2) the Memorandum Opinion and Order (Doc. No. 58) and Partial Summary Judgment (Doc. No. 59) are withdrawn; and

(3) the Court will enter an Amended Memorandum Opinion and Order and an Amended Partial Summary Judgment.

*James A. Parker*
UNITED STATES SENIOR DISTRICT JUDGE