# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**FEDERATED SERVICE INSURANCE
COMPANY, a Minnesota Corporation,**

    **Plaintiff,**

**vs.**                                                                 **06-CV-638 JAP/WDS**

**DANNY MARTINEZ,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
### DENYING MARTINEZ' MOTION FOR RECONSIDERATION
### OF THE ORDERS ENTERED 10/20/10 (Doc. No. 78)

On November 5, 2010, Defendant Danny Martinez ("Martinez") filed Martinez' Motion

For Reconsideration Of The Orders Entered 10/20/10 And Brief In Support Of His Motion (Doc.

No. 78) ("Martinez's  Motion For Reconsideration"). On December 1, 2010, Plaintiff Federated

Service Insurance Company ("Federated") filed Plaintiff Federated Service Insurance

Company's Response In Opposition To Mr. Martinez's Motion For Reconsideration Of The

Orders Entered 10/20/10 And Motion For Leave To File A Supplemental Brief In Support Of

His 2007 Motion For Summary Judgment On UM/UIM Coverage (Doc. No. 89) ("Response").[1]

On December 20, 2010, Martinez filed Martinez' Reply Brief In Support Of His Motion For

Reconsideration Of The Orders Entered On 10/20/10 (Doc. No. 94) ("Reply"). Because

Martinez's Motion For Reconsideration fails to meet the standards of Fed. R. Civ. P. 59(e), the

---

[1] In its Response, Federated also presents arguments in opposition to Martinez's Motion For Leave To File A Supplemental Brief In Support Of His 2007 Motion For Summary Judgment On UM/UIM Coverage (Doc. No. 79). The Court will address these arguments in a separate order.

Court will deny it.

I. Standard of Review

The rules of civil procedure allow a party to object to a decision through either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). If a party files a motion for reconsideration within twenty-eight days of the decision, the Court will treat the motion as a motion to alter or amend a judgment under Rule 59(e). *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). Martinez's Motion For Reconsideration was filed within twenty-eight days after entry of the October 20, 2010 orders; therefore, the Court will treat it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).

The Court may grant Martinez's Motion For Reconsideration under Rule 59(e) for the following reasons: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000). A Rule 59(e) motion should be granted if "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

II.  Background

A. Martinez's Accident and Claim

On May 11, 2005, Martinez, while working as a non-management employee of Capitol Motor Company ("Capitol"), was struck by an uninsured vehicle driver on Capitol's premises. Martinez suffered a severe spinal cord injury and is now quadriplegic. On the day of Martinez's accident, Capitol was insured under a Commercial Package Policy (No. 0634062) (the "Policy")

issued by Federated. The Policy included a "Garage Coverage Part" under which Federated

insured Capitol against claims, including UM/UIM claims, arising out of accidents involving

vehicles owned by Capitol. After the accident, Martinez filed a claim under the UM/UIM

coverage provisions of the Policy.

B. Federated's Denial of Martinez's Claim

Federated denied Martinez's claim and filed the Complaint (Doc. No. 1) in which Federated

asserted a single claim for declaratory judgment. In Paragraph 20 of the Complaint, Federated

explained the two bases for its declaratory judgment claim:

> There exists an actual controversy between Federated and Mr. Martinez as to the
> following matters: **a.** whether the Federated policy provides any uninsured or
> underinsured motorist coverage for employees of Capitol Motor Company, such as Mr.
> Martinez, on the day of the accident in March [sic] 2005; and **b.** whether other policy
> provisions or conditions in the Federated policy preclude uninsured or underinsured
> motorist coverage for Mr. Martinez arising out of the March [sic] 2005 accident.

(Compl. ¶ 2) (emphasis added).[2] In his Answer and Counterclaim (Doc. No. 3), Martinez

admitted "the allegations of Paragraph[] . . . 20 . . ." of the Complaint. (Ans. ¶ 9.) Thus, with

regard to Federated's declaratory judgment claim, both parties acknowledged a controversy

consisting of two issues: 1) whether the Policy provides any UM/UIM coverage for Capitol's

non-management employees, like Martinez; and 2) whether other provisions or conditions of the

Policy preclude UM/UIM coverage for Martinez arising out of the May 2005 accident.

C. The Court's Ruling on the Parties' 2007 Motions for Summary Judgment

On May 25, 2007, Federated moved for summary judgment (Doc. Nos. 24, 25) asking the

Court to find that as a matter of law that Martinez was not covered under the UM/UIM

---

[2] This quoted language was also included in the Joint Status Report as a stipulation by
both parties. (J. Stat. Rep. Doc. No. 12, ¶ 13.)

provisions of the Policy because through endorsement CA-F-93 (11-01), Capitol had rejected

UM/UIM coverage for its non-management employees. The parties did not dispute that on May

11, 2005, Martinez was a non-management employee of Capitol. Also on May 25, 2007,

Martinez filed a motion for summary judgment (Doc. Nos. 26, 27) asking the Court to rule that

as a matter of law Martinez "has uninsured motorist coverage under the insurance policy issued

by Federated to Martinez' employer . . ." for injuries Martinez suffered from the May 11, 2005

accident. (Doc. No. 27, Mot. Summ. J. at 1.) In his motion for summary judgment, Martinez

argued that the CA-F-93 (11-01) endorsement was ineffective under New Mexico law to reject

UM/UIM coverage for Capitol's non-management employees. Martinez asserted that without an

effective written rejection of UM/UIM coverage under New Mexico law, UM/UIM coverage for

non-management employees must be read into the Policy in an amount equal to the amount of

liability coverage provided in the Policy.

On August 31, 2007, the Court entered a Memorandum Opinion and Order (Doc. No. 38)

in which the Court granted partial summary judgment in favor of Federated.[3] The Court stated

that its decision on summary judgment depended on whether under New Mexico statutory,

regulatory and case law, Capitol had validly rejected UM/UIM coverage for its non-management

employees, like Martinez. (*Id.* at 5-6.) The Court found that the CA-F-93 (11-01) endorsement to

the Policy, which stated that Capitol's non-management employees were "NOT COVERED"

under the UM/UIM provisions of the Policy, was sufficient to reject UM/UIM coverage under

New Mexico law. This holding was based in part on the ruling in *Wilson v. Federated Service*

---

[3] The Court granted Federated partial summary judgment and dismissed all but one of
Martinez's counterclaims. (Mem. Op. & Ord. (Doc. No. 38) at 1.) The Court did not rule on
Martinez's fifth counterclaim that Federated was negligent in not providing UM/UIM coverage
to Capitol for all of its employees. (*Id.* at 2.)

*Ins. Co.*, No. 97 CV 1142, *Memorandum Opinion and Order*, Doc. No. 23, *aff'd* 1999 WL

178629 (10th Cir. 1999) (unpublished). The Court concluded that since UM/UIM coverage had

been rejected for non-management employees, Martinez was not eligible for coverage under the

UM/UIM provisions of the Policy. Upon request by both parties, the Court certified its ruling as

final to allow Martinez to file an interlocutory appeal. (*See* Doc. No. 40.)

> D. The Reversal of the Court's Ruling on the 2007 Motions for Summary
> Judgment

On July 8, 2010, the Tenth Circuit Court of Appeals reversed the summary judgment in

favor of Federated. *Federated Serv. Ins. Co. v. Martinez*, No. 07-2293, 2010 WL 2690076 (10th

Cir. July 08, 2010). The Court of Appeals also remanded to this Court for "further proceedings

consistent with this order and judgment." *Id.* at **1.

> E.  The Court's August 2010 Orders on Remand

On August 2, 2010, this Court issued a Memorandum Opinion and Order (Doc. No. 58),

in which the Court granted summary judgment in favor of Martinez and denied summary

judgment to Federated. (Mem. Op. Ord. at 3.)  On August 2, 2010, the Court also entered a

Partial Summary Judgment (Doc. No. 59) stating that Martinez "has uninsured motorist coverage

for the May 11, 2005 accident under the Commercial Package Policy No. 0634062 issued by

Plaintiff Federated Service Insurance Company insuring Capitol Motor Company." (*Id.*)

> F.  Federated's Motion For Reconsideration of the Court's August 2010 Orders
> on Remand

On August 6, 2010, Federated filed Plaintiff Federated Service Insurance Company's

Motion For Reconsideration Of The Memorandum Opinion And Order And Partial Summary

Judgment Entered August 2, 2010 (Doc. No. 60).  On August 17, 2010, Martinez filed

Defendant/Counter-Claimant Danny Martinez's Response to Plaintiff Federated Service

Insurance Company's Motion For Reconsideration Of The Memorandum Opinion and Order And Partial Summary Judgment Entered August 2, 2010 (Doc. No. 61). On September 3, 2010, Federated filed a Reply In Support of Plaintiff Federated Service Insurance Company's Motion For Reconsideration Of The Memorandum Opinion And Order And Partial Summary Judgment Entered August 2, 2010 (Doc. No. 64).

G. The Court's October Orders Granting Federated's Motion for Reconsideration

On October 20, 2010, the Court entered a Memorandum Opinion and Order Granting Motion for Reconsideration (Doc. No. 75), an Amended Memorandum Opinion and Order (Doc. No. 76), and an Amended Partial Summary Judgment (Doc. No. 77) (together, "October Orders"). In the October Orders, the Court withdrew its August Memorandum Opinion and Order (Doc. No. 58) and its Partial Summary Judgment (Doc. No. 59); and instead, the Court ruled only that Federated had failed to obtain a legal rejection of UM/UIM coverage from Capitol. However, in the October Orders, the Court did not rule on the issue of whether Martinez is actually covered under the UM/UIM provisions of the Policy for his losses that resulted from the May 11, 2005 accident. (*See* Am. Mem. Op. & Ord. (Doc. No. 76) at 3.)

H. Martinez's Motion For Reconsideration of the Court's October Orders

In Martinez's Motion For Reconsideration, Martinez first asks the Court to set aside the October Orders on the ground that the Court misinterpreted the effect of the Court of Appeals' reversal of this Court's ruling on the 2007 cross motions for summary judgment. Next, Martinez argues that by limiting its 2007 motion for summary judgment and its response to Martinez's 2007 motion for summary judgment to the rejection issue, and by certain statements in its pleadings and its answer to an interrogatory, Federated now is barred from relying on the second basis, part b., of its declaratory judgment claim. In sum, Martinez contends that Federated may

no longer claim that other UM/UIM provisions and exclusionary language in the Policy preclude coverage as Federated has now asserted in its motion for summary judgment (Doc. No. 66) filed on September 9, 2010. For these reasons, Martinez asks the Court to reinstate its Memorandum Opinion and Order (Doc. No. 58) and its Partial Summary Judgment (Doc. No. 59) and hold that Martinez is covered under the UM/UIM provisions of the Federated Policy for his losses from the May 2005 accident.

III. Discussion

A. The effect of the decision by the Court of Appeals

First, Martinez argues that Federated may not now rely on the second basis, part b. of its declaratory judgment claim because the Court of Appeals, in its Order and Judgment, prohibited Federated from presenting on the rejection issue, part a, certain evidence that it had not offered to this Court in support of Federated's first motion for summary judgment. However, the Court of Appeals merely rejected Federated's attempt to present additional documentary evidence to support its argument that Capitol had executed a valid written rejection of UM/UIM coverage under the requirements of New Mexico law. The arguments that Federated advances now under its part b., (1) that Martinez was not covered under the Policy's UM/UIM provisions because he was not occupying an insured vehicle at the time of the accident and (2) that an exclusion denied coverage for employees while acting within the scope of their employment, were not considered by the Court of Appeals since they were not presented to this Court.[4] Thus, the Court of Appeals' prohibition against Federated's use of additional evidence to show rejection, its first basis for

---

[4]In the first sentence of its Order and Judgment the Court of Appeals succinctly described the narrow issue before it: "This appeal concerns the requirements for rejecting uninsured motorist ("UM") coverage under New Mexico law."

denial of coverage, does not preclude Federated on remand from relying on the second basis of its declaratory judgment claim.

Second, Martinez contends that because, in his 2007 motion for summary judgment, Martinez asked the Court to render judgment as a matter of law that ". . . he has uninsured motorist coverage for the collision which occurred on May 11, 2005. . ." (Mot. Summ. J., Doc. No. 26 at 1.), and because the Court's denial of his 2007 motion for summary judgment was reversed, on remand this Court necessarily must grant his 2007 motion for summary judgment and rule that he has UM/UIM coverage for the accident. However, the Court's order in 2007 granting summary judgment in favor of Federated and denying Martinez's motion for summary judgment was based solely on the conclusion that Federated had obtained an effective written rejection of UM/UIM coverage for non-management employees. Despite Martinez's general request for a judgment on coverage in his 2007 motion for summary judgment, the parties briefed in their cross motions only the rejection issue. In their 2007 cross motions for summary judgment, they did not analyze or argue the issues presented by Federated's September 9, 2010 motion for summary judgment.  In the 2007 cross motions for summary judgment, the parties did not ask the Court to decide whether, if the rejection were ineffective, Martinez automatically would have coverage regardless of the Policy's UM/UIM provisions and exclusions.

After certifying the issue to the New Mexico Supreme Court, the Court of Appeals decided that Federated did not meet the standards for rejection of UM/UIM coverage under New Mexico law. In its Order and Judgment, the Court of Appeals simply reversed this Court's holding and ruled that the endorsement was an insufficient written rejection of UM/UIM coverage under New Mexico law.  In its "CONCLUSION", the Court of Appeals described the limited scope of this Court's holding that the Court of Appeals was reversing in this manner:

8

"[We] REVERSE the district court's order holding that Capitol Motor rejected UM coverage for non-management employees."  The Order and Judgment did not direct this Court on remand to enter judgment in favor of Martinez on coverage.[5]

> B. Whether Federated is Barred from Denying Coverage on the Second Basis, part b., of its Declaratory Judgment Claim

To support his contention that Federated is barred from continuing to rely on  the second basis, part b., of its declaratory judgment claim, Martinez directs the Court to selective language in the Complaint (Doc. No.1) and in Federated's Reply to Martinez's Counterclaim (Doc. No. 4), as well as the limited nature of Federated's 2007 motion for summary judgment. Martinez notes that in the Complaint, Federated at one point stated its reason for denying Martinez's demand for coverage as follows: "Federated has declined the demand because such coverage was declined or rejected for employees of Capitol Motor Company as set forth in endorsement CA-F-93 (11-01)." (Compl. ¶ 14.) However, Martinez ignored paragraph 20 of the Complaint, quoted *supra* at p. 3, in which Federated clearly outlined two bases for its denial of coverage. Martinez next

---

[5] In addition, before Martinez is eligible for UM/UIM coverage, he must prove that the UM/UIM driver was negligent, which under the Policy, must be decided in arbitration proceedings. *See Britt v. Phoenix Indem. Ins. Co.*, 907 P.2d 994, 998-999 (N.M. 1995) (stating that an insurer's duty to indemnify a claimant for losses incurred in an accident with an uninsured motorist is predicated upon the claimant's ability to recover damages from the uninsured motorist.) In his Response to Federated's Motion for Reconsideration, Martinez admitted that he must meet this requirement before he can obtain judgment in his favor. *See* Response to Plaintiff Federated Service Insurance Company's Motion For Reconsideration of the Memorandum Opinion and Order and Partial Summary Judgment Entered on August 2, 2010 (Doc. No. 61) at p. 3. Thus, without a finding that the uninsured/underinsured driver was negligent, the Court on remand could not have ruled, as it did in its August 2010 orders, that "Martinez has uninsured motorist coverage for the May 11, 2005 accident under the Commercial Package Policy No. 0634062 issued by Plaintiff Federated Service Insurance Company insuring Capitol Motor Company." (P. Summ. J. (Doc. No. 59) at 1.) This is another reason that the Court correctly granted Federated's Motion For Reconsideration (Doc. No. 60) and limited its holding on remand to just the issue of whether Federated obtained a valid written rejection of UM/UIM coverage from Capitol.

points to Federated's Reply to paragraph 14 of his counterclaim in which Martinez contended that he was at all times insured under the Policy. In paragraph 14 of its Reply to Martinez's Counterclaim, Federated relied on endorsement CA-F-93 (11-01) for its denial of coverage. But, Martinez failed to mention that in paragraph 3 of the Affirmative Defenses, which were also set forth in Federated's Reply to Martinez's Counterclaim, Federated stated the following: "Mr. Martinez's counterclaim alleges claims that are barred by the terms, conditions, limitations and exclusions contained in the policy issued by Federated to Capitol Motor Company." (*Id.* at 7.) This affirmative defense clearly preserves Federated's second basis for denying Martinez's demand for coverage. In continuance of his practice of trying to build an argument by quoting incomplete parts of pleadings that affect the issue, Martinez turned to the Joint Status Report (Doc. No. 12). Here, he overlooked the most significant and relevant language in the Joint Status Report which is in ¶ 13 where both Federated and Martinez stipulated that there is a controversy regarding the two bases of Federated's declaratory judgment claim. Martinez has not directed the Court to any document of record in which Federated stated that it was waiving, withdrawing or abandoning the second basis, part b., of its declaratory judgment claim. Martinez's argument, based on misleading selections of language from the pleadings, does not justify a finding that Federated is barred from relying on part b.

Martinez's contention that Federated is barred from relying on its second basis, part b., because it limited its 2007 motion for summary judgment and its response to Martinez's 2007 motion for summary judgment to the rejection issue also fails. Here Martinez argues, in essence, that since Federated did not mention the part b. component of its declaratory judgment claim either in Federated's 2007 motion for summary judgment or in response to Martinez's 2007 motion, this somehow means that Federated is barred from relying on part b. of

Federated's claim. Although in his 2007 motion for summary judgment Martinez asked for

judgment as a matter of law "that he has uninsured motorist coverage for the collision which

occurred on May 11, 2005 . . ." (Mot. Summ. J. Doc. No. 26 at 1.),  Federated argued in its

response to Martinez's motion for summary judgment only that UM/UIM coverage was rejected

for all of Capitol's non-management employees. Each of the 2007 cross motions for summary

judgment focused on the rejection of coverage issue. Neither Federated's motion nor Martinez's

motion addressed whether, if rejection were ineffective, specific provisions of the Policy would

or would not provide coverage for Martinez's injuries and damages. The rejection issue, which

was the subject of the 2007 cross motions, was a dispositive threshold legal issue. Resolution of

that issue had the potential of rendering moot other issues regarding provisions and exclusions

in the Policy. It was logical for the parties to single out, and brief fully, the rejection issue in the

initial cross motions for summary judgment.  It would be inappropriate to rule that by doing

this, Federated can no longer assert the second  basis, part b., of its claim.

Martinez also maintains that by Federated's answer to Interrogatory No. 8, in which

Martinez asked Federated to identify each Policy provision on which Federated relied to

contend that no UM/UIM coverage was available to Martinez, Federated restricted its claim to

the first basis a., rejection of coverage, and thereby is barred from continuing to assert its

second basis b. In its answer to Interrogatory No. 8, Federated stated, "[p]ursuant to

endorsement CA-F-93 (11-01), uninsured or underinsured motorist coverage was not provided

to persons other than directors, officers, partners or owners of Capitol Motor Company."

Federated then quoted part of the endorsement CA-F-93 (11-01) and concluded that Martinez

"was not covered by uninsured or under insured motorist coverage under the Capitol Motor

Company policy at the time of the accident." (Martinez Mot. Recons. (Doc. No. 78) Ex. 1.)

Martinez argues that under Fed. R. Civ. P. 33(b)(3) Federated was required to fully answer

interrogatories, and since it now appears that Federated gave a limited answer to Interrogatory

No. 8, Federated can no longer say that other provisions in the Policy preclude coverage for

Martinez's injuries.  Martinez also points to Fed. R. Civ. P. 26 under which a party is required

to supplement answers to interrogatories in a timely manner "if the party learns that in some

material respect the disclosure or response is incomplete or incorrect, . . ."  Fed. R. Civ. P.

26(e)(1).  Martinez cites "Rule 56(e)(2) and LV CV-56(b)" for the proposition that by reason of

its answer to Interrogatory No. 8 "Federated is barred from raising these new issues", that is,

part b. of Federated's claim. (Martinez Mot. Recons. at 10.) Rule 56(e)(2) says no such thing;

the citation to "LV CV-56(b)" makes no sense. Martinez has not demonstrated that he was

prejudiced by the answer to Interrogatory No. 8. It appears from the record that after

Interrogatory No. 8 was answered, the parties have pursued discovery on all issues of coverage,

not just the rejection issue. Under these circumstances, Federated should not be barred from

continuing to pursue part b. of its claim for declaratory judgment.

   The Court concludes that Martinez's Motion For Reconsideration asking the Court to

reinstate its August 2010 ruling that Martinez is covered for his injuries under the UM/UIM

provisions of the Capitol policy is without merit.

   IT IS ORDERED that Martinez' Motion For Reconsideration Of The Orders Entered

10/20/10 And Brief In Support Of His Motion (Doc. No. 78) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE